UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMAN BRIK,<br>*Plaintiff,*<br>- against -<br>MARGO K. BRODIE, in individual and official capacity, and<br>ANN M. DONNELLY, in individual and official capacity<br>*Defendants.* | CIVIL ACTION NO. 23-cv-4330<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT - DEPRIVATION OF CONSTITUTIONAL RIGHTS

1. This action is brought against Margo K. Brodie ("Brodie"), the Chief Judge of U.S. District Court for the Eastern District of New York, and Ann Donnelly ("Donnelly"), a judge in the same U.S. Court.

2. The underlying facts necessitating filing of this lawsuit are as follows: I, the undersigned plaintiff, filed a complaint against Janet McFarland, a judge in Richmond County Family Court in Staten Island ("McFarland"), and her court officer, Lavanco (shield #6248), who, apparently at the direction of McFarland, violently assaulted me at the entrance of McFarland's courtroom in which McFarland engaged an illegal ex-parte hearing, excluding me but keeping state-paid opposing party's attorney, Ian Berliner, the opposing party, and the state-paid children's attorney, Rita Kaufman, who since then was relieved from the case (1:23-cv-03507 (EDNY)).

3. The case was assigned to Donnelly, who is herself a former NY state judge, and who, according to her annual reporting, is still on the state's payroll (pension), with a career deeply intertwined with the misandrist / feminist "domestic violence" Marxist ideology and cottage industry, propped and funded by the subversive government and mushrooming around family courts. Biased Donnelly unilaterally dismissed my previous lawsuit against another state judge, acting as if she still is prosecutor / state attorney, by manipulatively misrepresenting my arguments and ignoring black letter law and language of 42 USC. § 1983: the conflict of interest is blatant.

1

4. Assignment of the case was done, it appears, according to the EDNY court rules, which unconstitutionally deny pro-se litigants, whose role in upholding the Rule of Law is impossible to understate, equal protection under law – by chaining them, instead of random assignments enjoyed by U.S. and private attorneys, to a specific judge in all following submissions.

5. No such discriminatory, enslaving provision exists even in another federal district court for the state of New York, the Northern District – and the shady practice of non-random assignment of federal judges has recently brought into the public limelight by the leader of the U.S. Senate, Chuck Schumer from New York.

6. My repeated requests to Chief Judge Brodie to exercise her authority according to 28 USC § 137, and to review and repeal the blatantly unconstitutional rule brutally forcing unrepresented Americans into a "marriage" with a judge, who, like in Donnelly's case, is deeply enmeshed with the defendant state apparatus paying her and her former colleagues, and who are mired in obvious conflict of interest, were completely ignored.

7. Beyond this disdainful disregard of my clear respectful demands, Chief Judge Brodie also seems to exercise woefully deficient oversight over her courthouse: my submissions were not docketed for days in a row, my motion to disqualify judge Donnelly in the case above has been pending with no end in sight, the docket reflects an embarrassing flip-flopping between judges Donnelly and Gonzales, evidently unprofessional for a federal court.

8. The EDNY court, together with SDNY, sharing the same pro se chaining rules, are responsible for overseeing the state apparatus, including family and matrimonial courts, in the immensely important and central geographic congregation of NYC – and its deliberate failure to reign in the rapidly deteriorating local judiciary – as abundantly described in my complaint against McFarland, documenting all the recent scandals involving state judges DiFiore, LaSalle,

Cannataro, Ash, Amaker, Michalek, Michalski, Rosenbaum and countless more – an apparatus tailored to generate billions in Title IV-D matching funds, including by silencing and sabotaging pro-se victims and funneling them to biased former state judges, still on state payroll like Donnelly, cannot be tolerated any longer.

## JURISDICTION

9. This action is brought pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985 and 42 U.S.C. §1988, and the Fourteenth Amendment to the United States Constitution.

10. Jurisdiction is founded upon 28 U.S.C.§§ 1331, 1343 and 1367.

## VENUE

11. Venue properly lies in the Eastern District of New York under 28 U.S.C. §1391(b), in that this is the district in which a substantial part of the events or omissions giving rise to this claim occurred.

## JURY DEMAND

12. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## CLAIM FOR RELIEF
## VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS UNDER 42 U.S.C. §1983
(Substantive and Procedural Due Process, Equal Protection of Laws)

13. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

14. Defendants acted to deny the Plaintiff an impartial, randomly assigned federal judge not on the state payroll, and not belonging to the same group of state employees as the defendant McFarland.

   **WHEREFORE**, Plaintiff Brik demands judgment as follows:

a. For a declaratory judgment declaring that the aforementioned actions of defendants were unlawful and a violation of Plaintiff's constitutional rights;

b. For a declaratory judgment declaring that the actions of Defendant Brodie, in ignoring the Plaintiff, her refusal to amend the rules of court to prevent chaining of Plaintiff to Defendant Donnelly, and her failure to ensure that the court's clerk act expeditiously and prevent judicial flip-flopping reflected on the docket, were unlawful and constitute a violation of his constitutional rights;

c. For a declaratory judgment declaring that the aforementioned actions of Defendants were unlawful and a violation of Plaintiff's fundamental rights, including, but not limited to, the right to Due Process and Equal Protection;

d. If the Court determines that, for any reason, the foregoing Declaratory relief cannot be granted, then Plaintiff also seeks injunctive relief enjoining Defendants from i) retaliating against Plaintiff; ii) interfering with Plaintiff's First Amendment Freedom of Speech and Freedom to Petition, directly and indirectly, and tampering with Plaintiff's access to and freedom to petition the Courts;

e. For reasonable litigation costs and fees, if applicable;

f. Such other and further relief as the Court deems just.

Respectfully submitted and signed on: June 9, 2023

_____
Roman Brik
805 Willowbrook Rd
Staten Island, NY 10314
Tel.: (972) 900-1272
Email: brrm972@gmail.com