Clerk's Office
Filed Date: 7/6/23

U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROMAN BRIK,

                 Plaintiff,

-against-

MARGO K. BRODIE; ANN M. DONNELLY,

                 Defendants.

23-CV-4330 (LJL)

MEMORANDUM & ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

    Plaintiff, who is appearing *pro se*, seeks declaratory and injunctive relief in this action against Chief United States District Judge Margo K. Brodie and District Judge Ann M. Donnelly. By order dated July 5, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

**A.     Claims against District Judge Ann M. Donnelly**

Plaintiff alleges that District Judge Ann M. Donnelly's actions in his cases before her violated his constitutional rights. He seeks a declaratory judgment that her actions in those cases were unlawful and violated his constitutional rights to due process and equal protection and an injunction enjoining Judge Donnelly from retaliating against him. (ECF 1 at 4.)

"[J]udicial immunity does not bar a claim for prospective injunctive and declaratory relief." *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (citing *Pulliam v. Allen*, 466 U.S. 522, 541-43 (1984)). Nevertheless, Plaintiff is not entitled to declaratory relief for his claims against Judge Donnelly because he seeks such relief based on her past conduct. *See id.* at 74 (holding that the plaintiff was not entitled to declaratory relief because he alleged "only past

conduct and does not seek to prevent an ongoing or future violation of federal law" (relying on *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996))).

Plaintiff does suggest that Judge Donnelly will retaliate against him in the future for his exercise of his First Amendment rights. Even if, under the assignment rules, Plaintiff's future cases are assigned to Judge Donnelly as related to another open case before her, he does not allege a "present, continuing violation of federal law," *Blanciak*, 77 F.3d at 698, and there is no reason to assume that she would violate his rights in the future. Because Plaintiff thus does not seek to remedy a harm that is truly prospective, he does show any entitlement to declaratory relief. Plaintiff's remedy for any alleged bias on the part of Judge Donnelly in her judicial decisions is an appeal. *See LeDuc v. Tilley*, No. 05-CV-0157, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

The Court therefore dismisses Plaintiff's claims for declaratory and injunctive relief against Judge Donnelly for failure to state a claim on which relief can be granted.

B.    **Challenge to Rule 3 of the Rules for the Division of Business Among Judges**

Plaintiff seeks a declaration that assignment of *pro se* cases, under the Rules for the Division of Business for the Eastern District of New York, violates his constitutional rights. He can also be understood as seeking to enjoin enforcement of the relevant rules. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see*

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

*also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Chief United States District Judge Margo K. Brodie through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

Plaintiff's claim for declaratory and injunctive relief against District Judge Ann M. Donnelly is dismissed.

The Clerk of Court is instructed to (1) send an information package to Plaintiff; and (2) issue a summons for Chief United States District Judge Margo K. Brodie, complete the USM-285 form with the address for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

4

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 5, 2023
       New York, New York

s/Lewis J. Liman
_____
LEWIS J. LIMAN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Chief United States District Judge Margo K. Brodie
   United States District Court for the Eastern District of New York
   225 Cadman Plaza East
   Brooklyn, NY 11201